**Merle L. ZOOK, Petitioner,**

v.

**OFFICE OF PERSONNEL
MANAGEMENT,**
Respondent.

No. 02–3167.

United States Court of Appeals,
Federal Circuit.

Oct. 10, 2002.

Before NEWMAN, DYK, and PROST,
Circuit Judges.

PER CURIUM.

Merle L. Zook petitions for review of
the final decision of the Merit Systems
Protection Board ("Board"), Docket No,
DE–0831–01–0314–I–1. That decision af-
firmed the Office of Personnel Manage-
ment's ("OPM") calculation of the percent-
age of his basic pay for non-deduction
deposit purposes using 7.0 percent, as op-
posed to 1.3 percent, for service not cov-
ered by the Civil Service Retirement Sys-
tem ("CSRS"), 5 U.S.C. § 8331 et seq.

*Zook v. Office of Pers. Mgmt.*, DE–0831–01–0314–I–1, 2002 WL 109550 (Jan. 9, 2002). We *affirm*.

## BACKGROUND

The Department of the Army employed Mr. Zook before the 1980's and that employment is not at issue. The Federal Government again employed Mr. Zook effective April 16, 1984, when he received a temporary appointment not to exceed October 15, 1984. He subsequently left Federal service and, on April 15, 1985, Mr. Zook received a second temporary appointment not to exceed October 12, 1985. No retirement deductions were withheld during these two temporary periods of service because they were not subject to coverage under the CSRS. *See* 5 C.F.R. § 831.201(a)(1) (regulation excluding service under temporary appointments of less than one year from CSRS coverage).

Effective October 18, 1985, the Department of the Army reinstated Mr. Zook to a permanent position subject to the CSRS interim system. On November 24, 1999, Mr. Zook applied to OPM for retirement under the CSRS. OPM notified Mr. Zook that he had to make a deposit for service during which retirement deductions were not withheld from his salary if he wanted this service to be included in calculating his retirement benefits. OPM calculated the principal amount of the deposit for Mr. Zook's non-deduction service for these two periods of temporary service by applying the 7.0 percent general applicable rate under 5 U.S.C.A. § 8334(c) (West Supp.2002) for periods of service performed from January 1, 1970, to December 31, 1998. OPM also calculated the amount of his CSRS annuity that must be offset by his Social Security benefit, but that offset amount is not an issue on appeal.

Mr. Zook subsequently requested that OPM reconsider its decision that the applicable deposit rate for Mr. Zook's period of temporary employment was 7.0 percent, rather than 1.3 percent. OPM denied his request. Mr. Zook appealed OPM's decision to the Board, and on September 28, 2001, the Administrative Judge affirmed OPM's decision in an initial decision. On January 9, 2002, the Administrative Judge's initial decision became the final decision of the Board when the full Board denied Mr. Zook's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or not supported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Cheeseman v. Office of Pers. Mgmt.*, 791 F.2d 138, 140 (Fed.Cir.1986), *cert. denied*, 479 U.S. 1037, 107 S.Ct. 891, 93 L.Ed.2d 844 (1987). The Board's decision in this case is none of these.

An employee's creditable service after July 31, 1920, for which retirement deductions have not been made, will not be included in calculating the amount of his or her CSRS annuity unless he or she makes a deposit, with interest, for such service. *See Knudtson v. Office of Pers. Mgmt.*, 59 M.S.P.R. 627, 629 (citing § 8334(c) and 5 C.F.R. § 831.303). The period of service at issue here is Mr. Zook's temporary employment from April 16, 1984, through October 15, 1984, and April 15, 1985, through October 12, 1985. Under § 8334(c), the deposit amount for a period of service

performed after January 1, 1970, and before December 31, 1998, is 7.0 percent of the employee's basic pay received for the non-deduction service, with the following exception:

Notwithstanding the preceding provisions of this subsection and any provision of section 206(b)(3) of the Federal Employees' Retirement Contribution Temporary Adjustment Act [FERCTAA] of 1983, the percentage of basic pay required under this subsection in the case of an individual described in section 8402(b)(2) shall, with respect to any covered service (as defined by section 203(a)(3) of such Act) performed by such individual after December 31, 1983, and before January 1, 1987, be equal to 1.3 percent, and, with respect to any such service performed after December 31, 1986, be equal to the amount that would have been deducted from the employee's basic pay under subsection (k) of this section if the employee's pay had been subject to that subsection during such period.

*See* § 8334(c). Thus, under § 8334(c), the 1.3 percent deposit rate is an exception to the 7.0 percent deposit rate and is applicable to an individual described in § 8402(b)(2) with respect to any "covered service" as defined by § 203(a)(3) of FERCTAA of 1983.

The relevant portion of § 203(a)(3) of FERCTAA of 1983 states that "covered service" is "employment for the purposes of title II of the Social Security Act ... by reason of the amendments made by section 101 of the Social Security Amendments of 1983 (97 Stat. 67)...." In *Knudtson*, the Board concluded that § 203(a)(3) of the FERCTAA of 1983 defined "covered service" as service that became "employment" "by reason of" the 1983 Amendments to the Social Security Act ("SSA") and not service that became "employment" because

of other statutory or regulatory provisions. 59 M.S.P.R. at 630–31 (citing *Ginocchi v. Dep't of the Treasury*, 53 M.S.P.R. 62, 68 (1992) (stating that a rule of statutory construction requires that all provisions of a statute be given meaning and that no part be rendered superfluous or insignificant)).

On appeal, Mr. Zook argues that the Board incorrectly decided that his temporary service performed in 1984 and 1985 does not meet the requirements for the exception to the 7.0 percent deposit rate set forth in § 8334(c).[1] Specifically, Mr. Zook argues that his temporary service is "covered service." Mr. Zook alleges an inconsistency in the Board's decision that he is subject to FERTCAA of 1983 for services performed after December 31, 1983, for CSRS annuity offset purposes, but that FERCTAA of 1983 and 5 U.S.C. § 8334(c) do not apply to entitle him to the 1.3 deposit exception percent rate. Specifically, Mr. Zook maintains that during the periods of his temporary service in 1984 and 1985 he was subject to Social Security "because of the Social Security Amendments of 1983" and that "[t]he interim rules created by the FERCTAA of 1983 covered all service performed after 1983." Thus, Mr. Zook argues that the pertinent section of § 8334(c) was written specifically "to the individual and the time frame" to cover temporary service during the interim period.

The effect of the relevant portions of the 1983 Amendments to the SSA was to include within the term "employment" service that was previously excluded because it was covered by a Federal retirement system, such as the CSRS. *Knudtson*, 59 M.S.P.R. at 631. Consequently, service that was covered by the CSRS was excluded from the term "employment" under the pre-Amendments title II of the SSA and included within the term "employment"

---

1. There is no dispute that Mr. Zook is an individual described in § 8402(b)(2).

under the post-Amendments title II of the SSA. *Id.* at 631. That Mr. Zook's two periods of temporary service were not covered by the CSRS is not disputed. *See* 5 C.F.R. § 831.303. Because Mr. Zook's service was not covered by the CSRS, it constituted "employment" under the SSA both before and after the 1983 Amendments to the SSA. *See Knudtson,* 59 M.S.P.R. at 633. Therefore, Mr. Zook's service was not "covered service" as defined by § 203(a)(3) of the FERCTAA of 1983 because it did not become "employment" for purposes of the SSA "by reason of" the SSA 1983 Amendments. *Id.* Consequently, as the Board concluded, Mr. Zook's temporary service in 1984 and 1985 does not meet the requirements for the 1.3 deposit exception rate as set forth in § 8334(c).

Because the Board's decision is not arbitrary, capricious, or an abuse of discretion, is in accordance with the law, and is supported by substantial evidence of record, we affirm.